THE SEIGEL, WELCH & CLAWSON LIVE STOCK COMMISSION COMPANY, v. J. Q. JOHNSON, S. J. JOHNSON AND G. W. HAINES.

GENERAL VERDICT—*Includes Finding of all Necessary Facts to Support It*
   A general verdict of a jury includes a finding in favor of the party or parties in whose favor the verdict is given of all the facts necessary to support the verdict of the jury; and in a case where the issues submitted were as to whether the defendant J. was indebted to the plaintiff upon a promissory

note, and as to whether the defendant fraudulently transferred to H. certain property, which included a town lot, to defeat the creditors of J., and no special questions were submitted by the plaintiff to the jury, and the jury returned a general verdict for the defendants, after which, pending a motion for a new trial, the defendant J. confessed judgment for the amount of the note sued on, and the court then overruled the motion for a new trial and rendered judgment on the verdict for H., dissolving the attachment on the lot, and against J. for the debt; *held*, that it was not error to overrule the mo_ tion for new trial based on the grounds that the verdict was not sustained by the evidence, and was contrary to law, and of the misconduct of the prevail- ing party, no contention being made in this court that there was not suffi- cient evidence to support the verdict.

*Error from the District Court of Canadian County.*

This was an action of attachment brought by Seigel, Welch & Clawson Live Stock Commission company against J. Q. Johnson, in which G. W. Haines inter- vened, claiming the attached property, and S. J. John- son was made a party defendent after the intervention of Haines. Judgment was rendered for the plaintiff on the money demand, and for Haines as to the attached prop- erty. From which the plaintiff appeals. Affirmed.

*R. B. Forrest* and *W. H. Criley*, for plaintiff in error.

*Frank G. White, R. R. Vermilion* and *John I. Dille,* for defendant in error.

The opinion of the court was delivered by

Bierer, J.: The plaintiff in error here, plaintiff below, commenced its action in the district court of Canadian county on the 1st day of February, 1893, against J. Q. Johnson, to recover the sum of two thou- sand and thirty-six dollars, with interest, alleged to be due it from the defendant upon the defendant's promis- sory note for that sum, executed to the plaintiff on the 22d day of November, 1892. The plaintiff procured an order of attachment, and under it the sheriff levied upon

eighty-one tons of hay, one set of platform scales, one pair of trucks, one spring wagon, one set of wagon scales and twenty-five bushels of oats, valued at six hundred and seventeen and fifty one-hundredths dollars, and on lot 16, block 103, in the city of El Reno, valued at seven hundred and fifty dollars.

. On the 10th day of February G. W. Haines filed his petition to be made a party to such action, and claimed that he was the rightful owner of all the property attached, and on the 17th day of April, 1893, the plaintiff, by leave of court, and upon the petition of intervention of Haines, filed an amendment to its original complaint, against J. W. Johnson, G. W. Haines and S. J. Johnson, claiming that the property attached and claimed by Haines had been fraudulently conveyed by J. Q. Johnson, the principal defendant, to defraud his creditors, and both S. J. Johnson and Haines were parties to such transfer.

After issues were joined on this amended complaint as to J. Q. Johnson and G. W. Haines, both as to the indebtedness sued upon and as to the ownership of the property attached, and claimed by Haines, the cause was tried before a jury on the 15th day of May, 1894, and a general verdict rendered for the defendants.

The plaintiff filed its motion for a new trial, and pending the motion for a new trial J. Q. Johnson, by his attorney, came into open court and filed a written offer to allow judgment against him and in favor of the plaintiff for the full amount of the principal and interest due upon the note sued on. The court then overruled the motion for a new trial and rendered judgment on the verdict in the cause on the issues raised in the attachment proceedings, and the attachment was dissolved and

discharged as to the lot attached, and judgment also ren-dered againt J. Q. Johnson for the sum of two thousand and thirty-six dollars, with interest and costs. The plaintiff excepted to this "ruling, decision and judgment of the court," and brings the cause here for review. And the record contains all the proceedings and evidence in the case, excepting the instructions of the court to the jury.

On the assignment of error in overruling plaintiff's motion for a new trial, based on the grounds that the verdict is not sustained by sufficient evidence and is contrary to law and of the misconduct of the prevailing party, the plaintiff in error claims that the judgment of the court should be reversed, that is, the judgment dissolving the attachment as to the real estate.

He does not claim in his brief that there was no evidence tending to show that the transfer of the lot to Haines was not fraudulent and was not made in good faith, but the ground of his contention is that he was entitled to a trial by jury upon the issues raised in the cause, and that as the jury found generally for the defendants, and as the defendant Johnson, pending the motion for a new trial, confessed judgment in favor of the plaintiff for the amount of his claim, that this was a confession that the verdict of the jury was erroneous as to defendant Johnson being indebted to plaintiff, and that as the verdict was only a general one, and as the jury may have found for defendant Haines because Johnson was not indebted to the plaintiff, in which case, of course, the plaintiff could not question the transfer to Haines; that he has had no trial by jury upon the question as to fraud in the transfer of the lot by Johnson to Haines.

Without taking time to pass upon the question as to whether the plaintiff in error has properly saved the question, or as to whether or not he was, in fact, entitled to a trial by jury in the case, as it was presented to the court under the Indiana Code, under which this cause arose, we can determine whether there was any error in the judgment of the court.

The judgment entered was, as .the record shows, rendered "on the verdict in the case on the issues raised in the attachment proceedings," and this verdict was a general verdict in favor of the defendants.    This verdict was a general finding in favor of the defendants upon all the issues presented to the jury, and it was a general finding in favor of the parties for whom the jury found, of all the facts necessary to support the verdict.

We have already declared this principle with reference to the findings of the court; (*Gardenhire v. Gardenhire*, 2 Oklahoma, 484; 37 Pacific, 813.)    It is equally true with reference to the verdict of the jury. (*Bellew v. Ahrburg*, 23 Kansas, 287; *Early v. Hamilton*; 75 Indiana, 376; *Dobson v. Markle*, 77 Indiana, 53.)

This general verdict was equivalent to a finding in favor of the defendants that Johnson did not owe the plaintiffs anything, and that he had not made a fraudulent transfer of the lot in question to Haines, and that Haines had not been a party to the alleged fraudulent transfer.

It may be true, that if special questions had been submitted to the jury upon these different propositions, they might have found a general verdict for the defendants, but found specially upon some of the questions in favor of the plaintiff, or their special findings might have exhibited the fact that they found for the defendants alone

because Johnson owed nothing to the plaintiff. But the plaintiff saw fit to take its chances upon a general verdict, and did not ask the court to submit any special questions to the jury. It cannot then complain if there has not been a special finding upon each one of the several questions submitted to the jury.

It may also be true, as counsel for plaintiff in error contend, that the jury may have found for the defendants because they found that Johnson owed nothing on the note. But we are not to examine abstractly into the logic exercised by the jury in arriving at its verdict. That would, in many cases, be as difficult to ascertain as it would be profitless to consider, and if parties litigant want to know the exact theory upon which a jury arrives at its conclusions, the only safe way for them to proceed is to submit special questions which will exhibit in detail the jury's views.

All the court needs to consider after the verdict is returned, if the matters have been properly submitted to the jury, and there is no irregularity shown, and there is no question presented here upon those phases of the case, is as to whether or not the verdict is sustained by sufficient evidence. The trial court in this case has said that it was, and there appears in the brief of counsel no contention but what this is true.

If the verdict for Haines were dependent upon the finding in Johnson's favor, we might consider Johnson's abandonment of his verdict and his confession of judgment as presenting a serious question as to the correctness of the verdict for Haines, but as it does not, we observe no error in sustaining the verdict in Haines' favor, although Johnson has confessed judgment for the debt pending the motion for a new trial.

We see no reason for disturbing the judgment on the error assigned, and it is therefore affirmed.

Burford, J., having presided in the court below, not sitting; all the other Justices concurring.